*792 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
While on motor patrol two police officers received a radio transmission advising that a 5-foot 10-inch Hispanic with an afro hairstyle, wearing a white T-shirt and light blue pants, had been observed at the intersection of 96th Street and Amsterdam Avenue in Manhattan carrying a gun wrapped in a white shirt. On proceeding to that intersection the officers saw no one in the group of people there assembled who fit the radio description. They did, however, observe defendant leaving that group and walking south on Amsterdam toward 95th Street. He is Hispanic, and, according to the suppression testimony, was wearing a banlon-type light shirt, and was carrying a white shirt in his right hand. The officers followed him, and after he had rounded the corner and mounted the steps of a building on 95th Street, one officer got out of the car and ran up behind him. As defendant was about to open the door with his left hand and was lowering his right hand to place the white shirt on the ground the officer grabbed the hand with the shirt, felt a hard object inside the shirt and then discovered that it was a .22 caliber revolver. The other officer had approached, drawn his gun, and ordered defendant not to move. On discovery of the gun, the officers placed defendant under arrest.
Special Term, concluding that the intrusion was appropriate to the circumstances and that the police officer acted properly, denied defendant’s motion to suppress the banlon shirt, the white shirt and the gun. The Appellate Division affirmed over the dissent of two members of the panel. We find no basis to disturb the determination of the courts below.
At the outset we observe that the determination that there was sufficient warrant for the action taken by the police involves resolution of a mixed question of law and fact and is accordingly not subject to review in our court in the absence of error as a matter of law (People v Harrison, 57 NY2d 470).
It serves no useful purpose in this case, as the majority at the Appellate Division noted, to fracture and dissect the *793 course of events or to categorize the various components of the progress of the police action. No challenge is raised to the authenticity of the radio transmission. The police action was not rendered illegal because there was an inconsistency as to some elements of the description (defendant’s height and hairstyle — he is only five feet, six inches tall and had wavy hair combed straight back — and as to the particulars of the shirt defendant was wearing) or because there was a failure of proof as to correlation of another element (light blue pants). The unusual identifying element of carrying a white shirt in the hand, coupled with geographical proximity, provided ground for reasonable suspicion in the circumstances.
The intrusion was minimal in the circumstances of this case. There was no pat down or frisk. Defendant’s person was touched only to the extent necessary for the officer to grab the white shirt which proved to be concealing the gun. There was no other intrusion of defendant’s person. It does not appear that the command of the second officer to defendant not to move preceded the recovery of the gun.
In the somewhat unusual circumstances of this case we cannot conclude that it was error as a matter of law to have denied defendant’s motion to suppress.
We have considered defendant’s other contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Simons taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.