■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLENROY SUTTON, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Lonschein, J.), dated June 5, 1981, which granted the defendant's motion, after a hearing, to suppress certain physical evidence. Order reversed, on the law and the facts, motion to suppress denied, and case remitted to the Supreme Court, Queens County, for further proceedings. On January 17, 1981, at 3:45 A.M., police officers received a radio report (based on an anonymous tip) of a black man wearing a gray and black jacket and a black hat possessing a gun at 165th Street and Jamaica Avenue. A radio car responding to the call found no one at the reported location but did observe an individual matching the description a block away. The individual (later identified as the defendant) was with two others, and appeared to quicken his pace on spotting the approaching patrol car. Subsequently, the police exited the car with guns drawn and ordered the three to freeze. One of the officers

then patted down the defendant and uncovered a loaded handgun in a shoulder holster. At an ensuing suppression hearing the court granted defendant's motion to suppress. We disagree. The description given to the police officers matched that of the defendant who was found within a block of the reported location two minutes following the radio report, thereby providing an indicia of reliability as to the anonymous tip (cf. *People v Sustr,* 73 AD2d 582, mot for lv to app den 49 NY2d 896). Moreover, the encounter occurred late at night, preventing the observation of a weapon outline (see *People v McLaurin,* 43 NY2d 902, revg 56 AD2d 80, 84, on dissenting opn of Nunoz, J.). In addition the police were aware that shots had been reported in the vicinity only an hour and a half before. Finally, defendant, who was with two other individuals, appeared to quicken his pace upon spotting the police. Under the totality of the circumstances, particularly since the police radio report mentioned the possession of a gun, the police acted prudently to insure their own safety (cf. *People v McLaurin, supra; People v Kinlock,* 43 NY2d 832; *People v Fernandez,* 58 NY2d 791; *People v Bruce,* 78 AD2d 169). Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.