■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOYNER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered September 27, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant pleaded guilty after his motions to suppress statements, physical evidence and identification testimony were denied, after a hearing.

Defendant argues on appeal that his arrest was based on less than probable cause because no description of the perpetrator was furnished to the police. We disagree. On October 8, 1982, at 12:55 P.M., the complainant was a victim of an armed robbery in a restaurant. As the perpetrator went into the back room of the restaurant, the complainant ran out the front door to a nearby cleaners and had an employee there call the police. Because the caller did not furnish the police with a description of the perpetrator, defendant argues now, as he did at the suppression hearing, that his eventual arrest was not based on probable cause. However, the complainant testified that he described the perpetrator to police who arrived on the scene. The description was transmitted and received by Officer Rodgers, who, with his

partner, was responding to the scene as a backup unit. Within minutes after the initial report of "Robbery in progress", Rodgers observed the defendant, whose appearance matched the transmitted description, walking briskly away from the vicinity of the crime and looking over his shoulder. This provided the predicate for the reasonable suspicion that defendant had committed the crime. Since the radio report was that the perpetrator was armed with a gun, it was not unreasonable for Rodgers to suspect he was armed and posed a danger to the officers, thus providing the predicate for a frisk. Accordingly, the apprehension and frisk were proper (*see, People v Spivey,* 46 NY2d 1014; *People v McLaurin,* 43 NY2d 902; *People v Acevedo,* 102 AD2d 336; *People v Sutton,* 91 AD2d 1051; *People v Hines,* 102 AD2d 713). Almost simultaneously, complainant arrived on the scene and identified the defendant, thus providing probable cause for the arrest.

Defendant further argues that the court erroneously denied that branch of his motion which was to suppress his statements. This argument also lacks merit. Upon his arrest defendant was informed of his *Miranda* rights. Rodgers testified that during booking procedures at the station house he referred to the .22 caliber gun found in a trash can in the vicinity where defendant was apprehended by jokingly saying to his partner: "This weapon appears to have just been fired". At that time, defendant stated: "the gun's never been fired. I had it since before I was arrested in Nassau".

The record supports the trial court's finding that defendant's statements were spontaneously made after the proper administration of *Miranda* warnings and were not the product of interrogation. It does not appear from this record that the officer should have known that his statement was reasonably likely to evoke an incriminating response from defendant. Accordingly, there was no violation of defendant's right against self-incrimination (*see, People v Huffman,* 61 NY2d 795). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.