■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR LARRABEE, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted of two counts of criminal possession of a weapon in the third degree. He contends that the court should have suppressed the weapon since the police searched him without probable cause. There is no merit to this contention. The evidence at the hearing was that an anonymous male had called the police dispatcher and said "Art Larrabee is in Durham's and he's packin' a gun." The police went immediately to Durham's bar and Officer Boyle, who knew defendant and knew that he was a convicted felon who would be committing a crime by possessing a gun, went over to defendant and asked him to step outside to talk. Defendant slipped off his coat before accompanying the officer outside, so Boyle carried the coat. Outside the bar Boyle patted down the coat and found a loaded semiautomatic .22 caliber pistol. An anonymous tip may rise to the level of reasonable suspicion if the content is specific and matches what the police observe *(People v Fernandez,* 58 NY2d 791; *People v Benjamin,* 51 NY2d 267, 270). In this case the reliability of the tip was confirmed when the police found Larrabee at the bar and Larrabee tried to shed the coat.

The People concede that the second count of the indictment was defective since it failed to plead a material element of Penal Law § 265.02 (4), that possession of the loaded firearm was not in defendant's home or place of business *(People v Rodriguez,* 68 NY2d 674, *revg* 113 AD2d 337 *on dissenting opn of Lazer, J.).* Defendant's conviction on the second count is reversed and that count is dismissed and the sentence imposed thereon is vacated. (Appeal from judgment of Jefferson County Court, Aylward, J.—criminal possession of weapon, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.