■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 10, 1986, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Suppression of the weapon recovered from the defendant was properly denied. The police officer, who was acting upon a radio broadcast containing information which had been supplied by an identified citizen informant concerning a man with a gun outside a high school, had a reasonable suspicion and was justified in briefly detaining the defendant and frisking him for a weapon. The information provided by the informant was based upon his personal observation and was fairly detailed as to the suspect's color, build and clothing and also as to the vehicle from which he had emerged and the direction in which he was headed. Upon leaving the high school building where he was posted, the officer immediately saw a vehicle matching the description provided in the broadcast. When he questioned some students as to the whereabouts of the man who had been in the vehicle, they pointed to the defendant, who was about one-half block away. The officer observed that the defendant was wearing a red three-quarter-length down coat and glasses, which conformed to the description of the suspect provided by the informant. Under these circumstances, based on the information in the radio report and his own observations, the officer could assume the reliability of the information which gave rise to a reasonable suspicion of criminal conduct, and was justified in taking action based upon it (see, People v Benjamin, 51 NY2d 267, 271). The brief detention and removal of the defendant to a nearby restaurant to conduct the frisk was a reasonable response to the circumstances. At the time the officer encountered the defendant, he was in the midst of a group of 60 to 70 high school students and given the officer's reasonable suspicion that defendant was armed, he was justified, for reasons of both his own safety as well as that of the students in the area, in briefly removing the defendant to a more secure location. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.