◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOBIE TOWNSEND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 10, 1984, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of an alleged incident of menacing a bus driver with a gun. The police were alerted to the trouble via car radio, and appeared in the vicinity within a few minutes. The police saw the defendant, who fit the description that was given to them, and as a result an officer exited the car and engaged in a "stop and frisk" of the defendant. The defendant objects to the officer's search which turned up a .32 caliber revolver, as well as a substantial quantity of cocaine. We conclude that in light of the circumstances, the police officer acted within the bounds of the law, and both the gun and the cocaine were properly seized *(see, People v De Bour,* 40 NY2d 210; *People v Stewart,* 41 NY2d 65). The information relayed by the radio broadcast was sufficient to give rise to a "reasonable suspicion" that the defendant had or was about to engage in criminal activity, and that one of the five suspects had a gun. Therefore, the officers acted prudently to insure their own safety *(see, People v Wharton,* 60 AD2d 291, *affd* 46 NY2d 924, *cert denied* 444 US 880; *see also, People v Cherry,* 134 AD2d 358, *lv denied* 70 NY2d 954; *People v Sutton,* 91 AD2d 1051). Furthermore, the cocaine was properly seized during a subsequent search incident to the defendant's lawful arrest. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.