■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 18, 1988, convicting him of burglary in the second degree (two counts) and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's

omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to defendant's contentions, the statements which he unsuccessfully sought to suppress were made either spontaneously or pursuant to a valid waiver of his constitutional rights. His first statement was made in the police station while he was being searched prior to the reading of *Miranda* warnings. At one point during the search, an officer showed the property recovered from the defendant to his lieutenant and said "not a bad little thing here, huh". The defendant then stated, "[y]ou got this all wrong. Those are Christmas presents. I just did my Christmas shopping".

We find that the record supports the hearing court's finding that the defendant's statement was spontaneously made and not the product of police interrogation or its functional equivalent. It did not appear from the record that the officer should have known that his statement was reasonably likely to evoke a response from the defendant *(see, People v Lynes,* 49 NY2d 286; *People v Joyner,* 109 AD2d 753).

After he was read *Miranda* warnings the defendant indicated that he understood them although he did not sign the rights card and did not verbally indicate that he would talk without an attorney. However, while sitting at the desk of an officer who was doing paperwork, he stated that he would "beat this case at trial". The officer pointed to the jewelry found in the defendant's possession and queried, "[h]ow are you going to explain having this in your pocket?" The defendant responded that it was his property and that he got it from a religious store. A short time later, after the defendant again declared that he would "beat" the case at trial, the officer said, "[h]ow are you going to explain that you were running from the police?" The defendant answered that "[t]he cop on the scooter told me to stop. I got scared so I ran".

We note that the statements made by the defendant that he would "beat" the case at trial were admissible as spontaneous statements. The statements as to the defendant's ownership of the property and his reasons for running were not spontaneous, as they were the result of direct questioning. However, they were admissible since they were made pursuant to a valid waiver of the defendant's legal rights. To be valid, a waiver need not be express. "Silence, coupled with an understanding of the rights and a course of conduct indicating waiver, is sufficient" *(People v Bretts,* 111 AD2d 864, 865; *see,*

*North Carolina v Butler,* 441 US 369). Here, the defendant was read his *Miranda* warnings and expressly indicated that he understood his rights. He was a second felony offender and thereby familiar with the criminal justice system. These factors, when viewed together, all indicate that a valid waiver had indeed occurred.

We also find that the sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.