■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN GRANT, Appellant.—Judgment, Supreme Court, Bronx County (Arlene Silverman, J., at suppression hearing; Bonnie Wittner, J., at plea and sentence), rendered August 14, 1990, convicting the defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 2½ to 5 years, unanimously affirmed.

On August 3, 1988, at approximately 12:45 A.M., police officers received the following radio transmission based upon an anonymous source: "Black male, white shorts, shots fired, 169th and Nelson". Upon their arrival at the scene, defendant was observed wearing white shorts and a white T-shirt, walking away from the area. Defendant ignored a request to stop and as officers in a police car nearby attempted to detain him, defendant fled towards the arresting officer who grabbed defendant by the waist and tackled him. After a scuffle, a .38 caliber pistol was removed from defendant's pants and defendant was arrested.

While a radio transmission furnishing a general description of a "man with a gun" does not alone constitute reasonable suspicion, that information, "when * * * considered in conjunction with the attendant circumstances and exigencies, as observed by the police during the encounter * * * may collectively support a finding of reasonable suspicion so as to legitimatize a more intrusive police response." *(People v Bond,* 116 AD2d 28, 31, *lv denied* 68 NY2d 767; *People v Benjamin,* 51 NY2d 267, 270.) Here, the police officer arrived at the specified location within minutes and observed defendant, who fit the transmitted description. This gave him "an indicia of reliability as to the anonymous tip" *(People v Sutton,* 91 AD2d 1051, 1052). Further, the incident occurred at night in a drug-prone area *(People v Salaman,* 71 NY2d 869, 870). The officer was also justified in considering defendant's flight as an escalating factor, when coupled with the circumstances noted above *(People v Allen,* 141 AD2d 405, 406, *affd* 73 NY2d 378).

Moreover, the limited pat down of defendant was justified inasmuch as the report of shots fired supported an objective view that the officer was in danger of physical injury by virtue of the distinct possibility that the detainee might be armed *(People v Diaz,* 181 AD2d 597).

Defendant's failure to demand in his suppression motion or at the time of the suppression hearing that the prosecution produce the sender of the radio transmission leaves his claim unpreserved for appellate review (CPL 470.05 [2]). In any event, defendant's challenge to the existence of probable cause in his motion submitted after the completion of the suppression hearing only challenged the sufficiency of the evidence rather than the underlying basis for the police transmission, thus allowing the presumption of reliability to remain. Concur —Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.