■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN HYLTON, Appellant. [603 NYS2d 560] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 4, 1992, convicting him of sexual abuse in the first degree, upon his guilty plea, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The record supports the hearing court's finding that the statements made by the defendant prior to his receiving *Miranda* warnings were spontaneous and not the product of police interrogation or its functional equivalent. There is no evidence in the record that the arresting officer should have known that her statement to the defendant advising him of the reason for his arrest *(see,* CPL 140.15 [2]) was reasonably likely to evoke an incriminating response *(see, Rhode Is. v Innis,* 446 US 291; *People v Lynes,* 49 NY2d 286; *People v Rodriguez,* 167 AD2d 562; *People v Rios,* 123 AD2d 404). Moreover, the arresting officer did not ask the defendant any questions or engage in any course of conduct subtly designed to elicit a statement from him *(see, People v Rivers,* 56 NY2d 476; *People v Harrington,* 163 AD2d 327). Suppression of the challenged statements was, therefore, properly denied. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.