■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BACOTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 7, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Legally sufficient evidence was presented which, when viewed in the light most favorable to the prosecution, would allow a rational trier of fact to find beyond a reasonable doubt that the defendant committed the essential elements of the crime with which he was charged *(see, People v Contes,* 60 NY2d 620, 621).

The defendant contends that the trial court erred in failing to advise the parties prior to summation that it would charge the lesser included offense of manslaughter in the second

degree. However, this issue was not preserved for appellate review because on both occasions when the court informed the parties that it would reserve decision on charging manslaughter in the second degree until after summations, defense counsel did not object, nor did he request leave to reopen his summation after the court did charge manslaughter in the second degree.

In any event, any possible error was harmless in light of the fact that the defendant was not convicted of the lesser offense, but of the greater offense of murder in the second degree as charged in the indictment *(see, People v Pitello,* 97 AD2d 801; *People v Scott,* 66 AD2d 861; *People v Chapman,* 60 AD2d 584). The proof of the defendant's guilt of the latter offense was overwhelming *(see, People v Jones,* 32 AD2d 1069, 1070, *affd* 27 NY2d 501).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit, as he failed to show that his attorney lacked "reasonable competence" *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137, 146-147; *People v Morris,* 100 AD2d 630, 631, *affd* 64 NY2d 803).

We further note that the imposed sentence of 20 years to life imprisonment was appropriate under the circumstances of this case. There is, therefore, no "need [for us] to impose a different view of discretion than that of the sentencing Judge" *(People v Suitte,* 90 AD2d 80, 86).

We have examined defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.