OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant, charged with burglaries of several Poughkeepsie businesses in the early morning of January 24, 1983, at trial contended that his chronic alcoholism and drug abuse constituted a disease or serious mental disorder short of insanity that relieved him of liability for those crimes. This defense was supported by his own testimony, as well as that of his *644 brother and a psychologist. Defendant testified that in January 1983 he was an active alcoholic. On the evening in question, he had gone from bar to bar drinking and eating dried mushrooms, then he entered a store and took money from the cash register, kicked a hole in a wall and stole change from the cash register in an adjoining store, and tore the coin box from a cigarette machine. His brother testified that defendant had been drinking the evening of the burglaries, that defendant (then 21) had been drinking heavily since he was 12 or 13 years old, that when he drank he became violent and uncontrollable, and that he also used drugs, often in combination with alcohol. A psychologist testified that alcoholism is a recognized disease. Having twice interviewed defendant in late 1983, he gave his opinion that defendant is an alcoholic, that he behaved typically for an alcoholic the night in question, that he was intoxicated, and that he was incapable of "acting purposefully with regard to a conscious objective” but acted out of rage. Three prosecution witnesses who had seen defendant in the critical hours of January 24, 1983 gave their opinion that defendant was not intoxicated.
Defendant’s requested charges of diminished capacity and diminished capacity to form a specific mental state were both denied. His request for an intoxication charge was granted. The jury was instructed that, while intoxication is not a defense to a criminal charge, intent to commit a burglary — a conscious objective to engage in such conduct — must be established and that evidence of defendant’s alleged intoxication could be considered in determining whether or not his mind was so obscured by the consumption of alcohol or drugs that he was incapable of forming the requisite intent. The jury returned a verdict of guilty of two counts of burglary in the third degree and one count of criminal trespass in the third degree, and the Appellate Division affirmed, one Justice dissenting. On appeal to this court, defendant challenges the refusal of his request to charge diminished capacity as bearing on the issue of intent, and also the trial court’s limitation of his parents’ testimony.
The trial court did not err in its refusal to charge diminished capacity as bearing on the issue of intent. While proof of a mental defect other than insanity may "in a particular case negate a specific intent necessary to establish guilt” (People v Segal, 54 NY2d 58, 66), the Legislature has made specific provision regarding proof of intoxication. Evidence of intoxication "may be offered by the defendant whenever it is relevant *645 to negate an element of the crime charged.” (Penal Law § 15.25.) Such evidence was received here, including expert testimony that on January 24, 1983 defendant, acting as a functioning alcoholic, became intoxicated and was rendered "incapable of acting purposefully with regard to a conscious objective.” On this record, the court adequately instructed the jury regarding the possible effect of defendant’s condition on January 24, 1983 on his state of mind. No additional instruction was required.
Nor did the court abuse its discretion by limiting the testimony of defendant’s parents to events of the night of the burglaries and excluding their testimony concerning past events.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.