■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. JEWELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered January 8, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The warrantless search of the defendant's home following his arrest was unlawful, despite the defendant's consent to the initial police entry (see, *People v Knapp,* 52 NY2d 689; *People v Cohen,* 87 AD2d 77, *affd* 58 NY2d 844). However, the only tangible evidence seized during the search which was admitted into evidence was a number of photographs of the interior of the defendant's house. We note that testimony adduced at the trial encompassed the subject matter of the photographs so that the photographs were cumulative. Also, taking into consideration the victim's dying declarations, the medical examiner's testimony and the circumstantial evidence, the proof of the defendant's guilt was overwhelming. We, therefore, conclude that the erroneous admission of the photographs was harmless beyond a reasonable doubt (see, *People v Crimmins,* 36 NY2d 230, 237).

We also conclude that the defendant's statements were not the fruit of the unlawful search inasmuch as there was an independent source for the information the detective possessed while questioning the defendant (see, *People v Arnau,* 58 NY2d 27, 32, *cert denied* 468 US 1217). Furthermore, the defendant's statements were made voluntarily after he was fully advised of his *Miranda* rights. The defendant's statements were, therefore, admissible.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review as

a matter of law *(see, People v Whalen,* 59 NY2d 273, 280; *People v Nuccie,* 57 NY2d 818, 819; *People v Arce,* 42 NY2d 179, 190), or without merit *(see, People v Nieves,* 67 NY2d 125, 133; *People v Contes,* 60 NY2d 620, 621; *People v Duffy,* 36 NY2d 258, 262; *People v Goggins,* 34 NY2d 163, 169; *People v Westergard,* 113 AD2d 640, 645, *affd* 69 NY2d 642). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.