■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VEGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered December 22, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference to be drawn therefrom, as we must (People v Ford, 66 NY2d 428), we find that the defendant's guilt was established beyond a reasonable doubt, as the facts from which his guilt is inferred are inconsistent with innocence and exclude to a moral certainty every other reasonable hypothesis (see, People v Giuliano, 65 NY2d 766; People v Way, 59 NY2d 361).

Contrary to the defendant's assertions, the evidence presented at trial established much more than his presence at the scene of the crime (cf. People v Way, supra; People v Cleague, 22 NY2d 363). The defendant, who was being driven home by Angel Bonilla, asked to be let out at the next corner immedi-

ately after he spotted a man stripping a car on Knickerbocker Avenue, whom he recognized as a man whom he believed had stolen his car. Although they were still four blocks from defendant's home, Bonilla turned off Knickerbocker Avenue at the next corner and on to Johnson Street. As the defendant got out of the car dressed in an Army jacket and a hooded sweatshirt, Bonilla noticed the defendant remove a shiny object from his pocket. The defendant was then observed by Bonilla heading back towards Knickerbocker Avenue. As Bonilla made a U turn on Johnson Street, he heard several loud bangs, and then, when he returned to the intersection of Knickerbocker and Johnson moments later, Bonilla saw three men, one of whom was bent over, outside of an automobile radiator repair shop on Knickerbocker Avenue. Luis Mercado, the owner of the repair shop, had also heard these loud bangs, and moments later he found Angelo Vasquez, whom he had seen stripping a car on Knickerbocker Avenue a few minutes earlier, standing outside of his shop pleading for assistance because he had been shot. Mercado saw no one on the street, except for a man dressed exactly like the defendant, i.e., in an Army jacket and a hood, running down the block. The following day when Bonilla drove the defendant to work, he asked him if he had shot anybody and the defendant responded that he thought he probably shot somebody. The victim died as a result of the gunshot wounds.

These facts established more than the defendant's mere presence at the scene *(People v Way, supra; People v Cleague, supra),* and provided a sufficient basis for the jury's verdict, as the conclusion of guilt is consistent with and flows naturally from them *(see, People v Kennedy,* 47 NY2d 196, 202).

Furthermore, we find that trial counsel's representation of the defendant was not constitutionally inadequate. The defendant has not alleged any facts to substantiate his claim that his attorney's conduct fell below the professional standard of reasonableness *(see, People v Baldi,* 54 NY2d 137). As has been repeatedly noted, mere losing tactics and even lapses in judgment, when viewed in hindsight, do not render counsel's representation ineffective *(see, People v Lane,* 60 NY2d 748; *People v Baldi, supra; see also, People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.