■ The People of the State of New York, Respondent, v Sylvester Williams, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered March 19, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his motion to relieve assigned counsel and appoint a new attorney to represent him. We disagree. The defendant made his motion just before the commencement of trial, after previously having had assigned to him three different counsel, and failed to articulate any compelling reason to justify a last minute delay which the assignment of a new counsel would have required (see, People v Medina, 44 NY2d 199; People v Williams, 114 AD2d 870, lv denied 67 NY2d 766). It is settled that court-appointed counsel will not be removed except for good cause shown (see, People v Sawyer, 57 NY2d 12, 18-19, cert denied 457 US 1178; People v Bold, 125 AD2d 583, lv denied 69 NY2d 877).

The defendant's claim that the court erred in permitting him to proceed pro se is similarly without merit. The record indicates that the defendant timely and unequivocally asserted his right to defend himself pro se (see, People v McIntyre, 36 NY2d 10, 17). The court granted his request after an extensive inquiry, and appointed counsel to sit with the defendant during trial and be available to him as a legal advisor (see, People v Knatz, 124 AD2d 597, lv denied 69 NY2d 882; People v Lee, 116 AD2d 590). The defendant was given the opportunity to reconsider his desire to proceed pro se on a number of occasions, each time insisting, however, that he wanted to represent himself. The trial court warned the defendant forcefully that he did not have the training or knowledge to adequately cross-examine the People's key witnesses and that the court could not assist him with his defense (see, People v Vivenzio, 62 NY2d 775, 776). The defendant nevertheless insisted on proceeding pro se. On this record, there was a sufficient showing that the defendant's decision was knowing and voluntary (see, People v McIntyre, supra).

We have examined the defendant's other contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.