■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS FLANAGAN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Lane, J.), both rendered May 15, 1985, convicting him of robbery in the first degree under indictment No. 476/84, and robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the fourth degree under indictment No. 1858/84, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant has not alleged any facts to substantiate his claim that his attorney's conduct fell below the professional standard of reasonableness. We find that the record as a whole establishes that the defendant was provided meaningful representation *(see, e.g., People v Baldi,* 54 NY2d 137; *People v Vega,* 126 AD2d 686, *lv denied* 69 NY2d 887; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803).

Having failed to move prior to the imposition of sentence to withdraw his pleas, the defendant has not preserved for appellate review his challenge to the sufficiency of the plea allocutions *(see, People v Pellegrino,* 60 NY2d 636). Nor is reversal warranted in the interest of justice. The record amply demonstrates that the defendant knowingly and voluntarily entered his guilty pleas and waived his rights *(see, People v Harris,* 61 NY2d 9). Further, he pleaded guilty with the full understanding that he would receive the sentences that were eventually imposed. Thus, it cannot now be said that the sentences were excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.