■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUNCEY CROMWELL, Also Known as DARRYL CAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered January 29, 1987, convicting him of robbery in the third degree and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's convictions of grand larceny in the third degree (two counts) to convictions of petit larceny (two counts), and vacating the sentences imposed thereon; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the value of the stolen jewelry was not established in accordance with Penal Law § 155.20 (1), which requires proof of "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime". Accordingly, his convictions of grand larceny in the third degree cannot stand *(see, People v Batista,* 141 AD2d 654; *People v Funchess,* 137 AD2d 831; *People v Desir,* 124 AD2d 742). However, the evidence presented did establish the crime of petit larceny, which requires no proof of value. Accordingly, the judgment is modified to reduce his convictions of grand larceny to convictions of petit larceny. There is no need to remit the matter for resentencing as the defendant has already served the maximum period to which he could have been sentenced on the convictions of petit larceny.

We find unpersuasive the defendant's contention that reversal is warranted because the trial court failed to timely notify counsel of its intention to charge robbery in the third degree as a lesser included offense under the count of the indictment charging him with robbery in the first degree *(see,* CPL 300.10 [4]). The record reveals that, following summations and prior to the charge, the court made the following statement: "I've already informed counsel that I intend to charge robbery three as a lesser included *[sic]* charge of a robbery one charge.

That will be in the alternative. But I wanted that to be on the record". Defense counsel responded as follows: "Judge, I think I noted my objection to the lesser included being submitted".

Initially, we note that the defendant's counsel never voiced any complaint as to the timing of the court's communication of its intention to submit the lesser included offense, nor did counsel state any particular ground for his objection to its submission. Moreover, counsel never sought permission to reopen his summation to address the elements of the lesser included offense. Hence, the claim presently advanced by the defendant has not been preserved for appellate review *(see, People v Bacote,* 120 AD2d 539).

In any event, the foregoing exchange between the trial court and counsel renders the defendant's claim of a violation of CPL 300.10 (4) factually unpersuasive. Indeed, the court's statement clearly demonstrates that, while the intention to submit the lesser included offense was not placed on the record until after summations, that intention was in fact revealed to counsel off the record earlier in the proceedings *(see,* CPL 300.10 [4]; *cf.,* CPL 320.20 [5]). In light of the court's statement, and in view of the fact that the defendant's counsel did not at any point complain of untimely notification or seek to reopen his summation, we conclude that the defendant's contention is without merit. Moreover, assuming arguendo that the court failed to comply with the statute, we would conclude that the error was harmless under the circumstances of this case *(see, e.g., People v Miller,* 70 NY2d 903; *cf., People v Reilly,* 105 AD2d 716).

Additionally, we find that the court did not improvidently exercise its discretion in denying the defendant's motion for a change of counsel. The record reveals that the defendant had previously been granted one change of counsel and that he received ample time and opportunity to retain his own attorney. Given the absence of a showing of good cause for the removal of counsel, the court acted properly in refusing the request and thereby avoiding further delay in the trial *(see, People v Williams,* 143 AD2d 959). The defendant's related claim of ineffective assistance of counsel is similarly unavailing, as the record demonstrates that he was afforded meaningful and competent representation at every stage of the proceedings *(see, People v Baldi,* 54 NY2d 137; *People v Vega,* 126 AD2d 686, *lv denied* 69 NY2d 887).

The remaining contentions raised in the defendant's supplemental *pro se* brief are either unpreserved for appellate review or without merit *(see, People v Pagan,* 45 NY2d 725;

*People v Stokes,* 139 AD2d 785; *People v Jerome,* 111 AD2d 874). Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.