■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JEWELL, Appellant.—Application by the defendant for a writ of error of coram nobis, to vacate a decision and order of this court dated January 12, 1987 (see, People v Jewell, 126 AD2d 567, lv denied 69 NY2d 951, cert denied 484 US 857), affirming a judgment of the County Court, Nassau County (Goodman, J.), rendered January 8, 1985, on the ground that he was deprived of the assistance of appellate counsel.

Ordered that the application is denied.

The defendant asserts that he is entitled to a new appeal on the ground that his waiver of counsel on his direct appeal from his judgment of conviction of manslaughter in the first degree was not made knowingly and voluntarily. The defendant's claim is belied by the record which includes his application to proceed pro se on the direct appeal, containing the following statement: "This defendant-appellant hereby states that he is making 'a knowing and intelligent waiver of the right to counsel.' "

When this court treated this motion as a motion for the assignment of counsel and, in an order dated April 19, 1985, actually assigned him counsel, the defendant, who is college educated and no stranger to the criminal justice system, objected to the assignment of counsel and persisted in his efforts to obtain permission to proceed *pro se.* He wrote to this court: "Although admittedly an appeal is not a trial, it is part of my ongoing defense against the charge originally lodged against me. Therefore I am clearly entitled to represent myself on appeal as I so choose. This fundamental constitutional right is absolute. *See Faretta v. California,* 422 U.S. 806; *People v. McIntyre,* 36 N.Y.2d 10."

The defendant then went on to list four cogent reasons as to why he preferred to represent himself, noting that the "advantage lies in my single-minded attention to my own case". The defendant concluded, "For these reasons I insist on prosecuting my own appeal". His letter was treated as a motion to relieve assigned counsel and for leave to proceed *pro se,* and by order dated June 10, 1985, that motion was granted.

Thereafter, the defendant filed a lengthy brief containing 15 points of law. The brief was well written, contained citations to the pertinent case law, and revealed a sophisticated understanding of the legal issues as well as the rules of evidence and court procedure. In his *pro se* brief, the defendant challenged, *inter alia,* the sufficiency of the evidence, the hearing court's rulings on the admissibility of physical evidence, the admissibility of his statements, and the trial court's admission in evidence of the purported dying declaration of the victim. The District Attorney acknowledged that the defendant had raised a meritorious issue, i.e., that the admission in evidence of certain photographs was error because the photographs were taken during an illegal entry into the defendant's house *(see, People v Jewell,* 126 AD2d 567, *supra).* However, this court held that, in view of the overwhelming evidence of guilt and the cumulative nature of the photographs, the error was harmless beyond a reasonable doubt.

The often-quoted standard for determining a request for self-representation was established by the Court of Appeals in *People v McIntyre* (36 NY2d 10, 17, *supra):* "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues".

The defendant's request to proceed *pro se* on the appeal satisfied these requirements. We reject the defendant's argument that this court did not, by virtue of the lack of an in-person colloquy, adequately ascertain that his waiver of counsel was knowing and intelligent. An in-person oral inquiry is not a necessary prerequisite to granting an application to proceed *pro se* where, as here, the requirements are clearly established by other means *(see, People v Davis,* 49 NY2d 114; *People v Williams,* 143 AD2d 959). In this case, the defendant's comprehension of his constitutional rights is clear from his own written words, which unequivocally asserted his knowledgeable waiver of counsel. No evidence has been proffered which would establish that the defendant was unaware or misinformed as to the consequences of his self-representation. Accordingly, the application is denied. Lawrence, J. P., Rubin, Kooper and Spatt, JJ., concur.