■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO FARGA, Appellant.—Judgments, Supreme Court, New York County (Budd Goodman, J.), rendered July 14, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a hypodermic instrument, and convicting defendant, upon his unrelated plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to consecutive terms of imprisonment of 2 to 6 years on the sale and possession jury convictions, and a concurrent term of imprisonment of one year on the jury conviction for possession of a hypodermic instrument, and a concurrent term of imprisonment of 1 to 3 years on the conviction by guilty plea, and the order of the same court, dated March 30, 1990, denying defendant's motion to vacate his sentence pursuant to CPL 440.20, unanimously affirmed.

Evidence at trial was that in the early evening of December 15, 1988, an undercover officer approached codefendant Carrinzer Fleming on a Manhattan street and told him he was interested in purchasing a $10 vial of cocaine. Fleming nodded assent and said he would accompany the officer to "his man." That "man" was defendant, who sold one vial of cocaine to the officer in exchange for two prerecorded $5 bills. Immediately after the transaction, the undercover officer radioed the sale to his backup team. A member of the team, who had observed the encounter and continuously kept defendant in sight, then arrested the defendant and codefendant at the scene. The undercover officer made a confirmatory drive-by identification and, in a search incident to defendant's arrest, the arresting officer recovered $110 in cash, including the prerecorded buy money, plus 14 vials of cocaine, and 5 hypodermic needles.

The undercover officer's testimony at trial that he recognized the single vial he had purchased from defendant by observing his initials placed thereon at the time of the sale, together with testimony of one of two police chemists who had analyzed the contents thereof as cocaine, was sufficient to place that real evidence before the jury for its consideration (see, e.g., People v Julian, 41 NY2d 340). The absence of testimony by all police handlers of that piece of real evidence, an issue fully explored at trial, was relevant only to the weight accorded to that evidence. Absent any evidence that the vial had been tampered with, or that its contents had been altered (supra), the jury properly accorded that real evidence sufficient weight to consider it, together with the other evi-

dence presented, in reaching its verdict finding defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree *(see, People v Bleakley,* 69 NY2d 490).

Defendant's claim that imposition of consecutive sentences for the sale and possession counts is illegal under Penal Law § 70.25 (2), because the two crimes constituted "a single act", is meritless. Defendant was charged with the sale of a single vial of cocaine to the undercover officer, who testified that defendant pulled that vial from his pocket and exchanged it for $10. Thus, the act of the illegal sale was completed upon the exchange. Thereafter, albeit shortly thereafter, upon defendant's arrest, 14 additional vials of cocaine were recovered from a pouch secured around defendant's waist, constituting the ground for the separate charge of criminal possession of a controlled substance in the third degree. Thus, the sale and possession charges involved separate and distinct acts, allowing imposition of consecutive sentences upon conviction *(see, People v Day,* 73 NY2d 208).

We have considered defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.