■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ADAMS, Appellant. [637 NYS2d 34] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered December 10, 1992, convicting defendant, after a jury trial, of assault in the first degree, assault in the second degree, assault in the third degree and resisting arrest, and sentencing him to consecutive prison terms of 5 to 15 years, 2¹/₃ to 7 years and 1 year, and a concurrent prison term of 1 year, respectively, unanimously modified, on the law, to the extent of directing that the 1 year prison term on the assault in the third degree conviction run concurrently with the terms imposed on the other assault convictions, and otherwise affirmed.

Defendant's contention that the court improperly instructed the jury not to apply the reasonable doubt standard until after determining the credibility of witnesses is not preserved for appellate review. Were we to review it, we would find it to be without merit, since defendant misreads the court's charge, which read as a whole, properly conveyed to the jury that "it must determine whether the credible proof established defendant's guilt beyond a reasonable doubt" (*People v Perez*, 194 AD2d 455, *lv denied* 82 NY2d 758). Defendant's contention that he was prejudiced by the court's response to a jury note is also unpreserved. In any event, having found defendant guilty of assault in the first degree, the jurors, pursuant to the court's instructions, never reached the lesser assault counts concerning that incident. Thus, any deficiency in the court's supplemental charge on the lesser counts did not affect the jury's deliberations and therefore was not prejudicial (*see, People v Bacote*, 120 AD2d 539, 540, *lv denied* 68 NY2d 755).

We agree with defendant that his sentence on the third degree assault count should be modified. Penal Law § 70.35, which provides that "service of an indeterminate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed", "contemplates that the *definite and indeterminate sentences will be served concurrently*" (*People v Leabo*, 84 NY2d 952, 953 [emphasis added]). Since the assault in the third degree offense was committed prior to the date of sentencing, the court should have made the 1-year definite term run concurrently with the terms for the other assault counts.

We perceive no abuse of sentencing discretion. We have considered defendant's remaining contentions and find them to

be without merit. Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.