■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY WATSON, Appellant. [662 NYS2d 876] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court properly instructed the jury that defendant's knowledge of the aggregate weight of the cocaine defendant allegedly possessed is not an element of criminal possession of a controlled substance in the fourth degree (see, Penal Law § 15.20 [4]; § 220.09 [1]). Defense counsel's motion "to dismiss all counts of the indictment [on the ground that] the People have failed to prove all elements of each one" did not preserve for our review the further contention of defendant that the proof is insufficient to establish that he possessed the precise amount of cocaine alleged in the indictment (see, People v Gray, 86 NY2d 10, 19). The evidence is sufficient to establish defendant's constructive possession of the cocaine discovered in a cigarette pack during execution of the search warrant (see, People v Manini, 79 NY2d 561, 573-574; People v Myrick, 203 AD2d 902). We further conclude

that defendant has not met his "high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*People v Hobot*, 84 NY2d 1021, 1022).

We reject defendant's contention that the court lacked authority to impose consecutive sentences for those counts arising from defendant's sale of a $10 bag of cocaine to an undercover officer and those counts arising from the subsequent seizure of cocaine during the execution of the search warrant (*see, People v Martinez*, 239 AD2d 437; *People v Farga*, 180 AD2d 484, 485, *lv denied* 80 NY2d 830). We further reject defendant's contention that the sentence is unduly harsh or severe. The sentence is modified, however, by directing that the definite term of one year of incarceration imposed on defendant's conviction of resisting arrest run concurrently with the indeterminate sentences imposed under counts one, two, four, five, eight and 11 of the indictment (*see, People v Leabo*, 84 NY2d 952, 953; *People v Adams*, 223 AD2d 368, *lv denied* 88 NY2d 844). (Appeal from Judgment of Onondaga County Court, Brunetti, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.