■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. WIEGERT, Appellant. [670 NYS2d 128] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court did not abuse its discretion in denying defendant's challenges for cause of three prospective jurors. The prospective juror who stated that she was influenced by the opinions of her father-in-law, a correction officer, did not exhibit actual bias toward defendant or otherwise indicate that she possessed "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see*, *People v Stone*, 239 AD2d 872, *lv denied* 90 NY2d 943; *People v Archer*, 210 AD2d 241, *lv denied* 84 NY2d 1028). The prospective juror who expressed sympathy towards children and concern about evaluating their testimony stated unequivocally that she could evaluate the evidence fairly and impartially and that her feelings would not affect her ability to discharge her responsibilities as a juror (*see*, *People v Williams*, 63 NY2d 882, 885; *People v Whitmore*, 177 AD2d 525, 525-526, *lv denied* 79 NY2d 866, 80 NY2d 840; *cf.*, *People v Lawrence*, 159 AD2d 518). Defendant waived his contention with respect to the third prospective juror by failing to exercise a peremptory challenge to strike that juror when he had peremptory challenges remaining (*see*, CPL 270.20 [2]; *People v*

*Pagan*, 191 AD2d 651, *lv denied* 81 NY2d 1017). We reject the contention that the court improperly reserved decision on the People's claim under *Batson v Kentucky* (476 US 79) that defendant was using his peremptory challenges in a discriminatory manner to exclude women from the jury.

The court did not err in giving a second *Allen* charge to the jury (*see, People v Brooks*, 152 AD2d 591, 591-592, *lv denied* 75 NY2d 964); the charge was balanced and did not coerce the jury to reach a verdict (*see, People v Abston*, 229 AD2d 970, *lv denied* 88 NY2d 1066; *cf., People v Rodriguez*, 141 AD2d 382, 385-386). The contention that the court did not respond meaningfully to the jury's request for a readback of testimony is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject defendant's contention that the sentence is unduly harsh or severe. We modify the sentence, however, by directing that the definite term of one year of incarceration imposed on defendant's conviction of sexual abuse in the second degree run concurrently with the indeterminate sentences imposed under counts 1, 7, 12, 13, 14 and 18 of the indictment (*see, People v Leabo*, 84 NY2d 952, 953; *People v Watson,* 242 AD2d 924; *People v Adams*, 223 AD2d 368, *lv denied* 88 NY2d 844). (Appeal from Judgment of Wayne County Court, Kehoe, J.—Sodomy, 1st Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.