■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN JOHNSON, Appellant. [730 NYS2d 754] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted of crimes arising from his sale of cocaine to an undercover informant for $100 and the possession of a small quantity of cocaine when he was arrested an hour later. County Court properly denied the motion of defendant to suppress the statements made upon his arrest. Any conflict between the testimony of defendant and the investigator at the *Huntley* hearing created an issue of credibility for the court to resolve, and "[t]he court's resolution of that issue in favor of the People is supported by the record and should not be disturbed" (*People v Gessner,* 188 AD2d 1079, *lv denied* 81 NY2d 1073). In any event, even if we were to credit the testimony of defendant over that of the investigator, we would nevertheless conclude that defendant's motion was properly denied. "Statements by police that cooperation may help a defendant do not render a statement involuntary" (*People v Rodriguez,* 270 AD2d 956, 957, *lv denied* 95 NY2d 870).

We reject defendant's contention that the People's motion

seeking permission to introduce evidence of prior drug sales was untimely, and we conclude that the court did not abuse its discretion in determining that such evidence would be admissible on rebuttal if defendant testified and denied possession with intent to sell as alleged in the third count of the indictment (*see, People v Sierra*, 213 AD2d 685, *lv denied* 85 NY2d 980; *see also, People v Hernandez*, 71 NY2d 233, 245-246). Defendant failed to preserve for our review his contention that the conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) under the third count of the indictment is not supported by legally sufficient evidence (*see, People v Fallen*, 249 AD2d 771, *lv denied* 92 NY2d 879; *People v Paige*, 241 AD2d 918, *lv denied* 90 NY2d 1013), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Contrary to the contention of defendant, the crimes arising from his sale of cocaine were separate and distinct from the crime arising from his possession of cocaine an hour later, and thus the imposition of consecutive sentences upon the conviction of the sale and possession crimes was not improper (*see, People v Watson*, 242 AD2d 924, 925, *lv denied* 91 NY2d 899; *People v Martinez*, 239 AD2d 437, *lv denied* 90 NY2d 895; *People v Farga*, 180 AD2d 484, 485, *lv denied* 80 NY2d 830). In the circumstances of this case, however, we conclude that an aggregate term of imprisonment of 12 to 24 years is unduly harsh and severe. Therefore, as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]), we modify the judgment by directing that the terms of imprisonment run concurrently. The contentions of defendant in his *pro se* supplemental brief are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Seneca County Court, Bender, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.