THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE SHORTER, Appellant. [775 NYS2d 712]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 28, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the definite sentences shall run concurrently with the indeterminate sentence and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the seventh degree (§ 220.03). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his repeated requests for substitution of counsel for defendant's fourth assigned attorney inasmuch as defendant failed to show " 'good cause for a substitution,' such as a conflict of interest or . . . irreconcilable conflict with counsel" (*People v Sides,* 75 NY2d 822, 824 [1990]). Although defense counsel admitted that he failed to visit defendant at the jail, defense counsel advised the court that their level of communication had improved prior to trial. In addition, defendant's disagreement with defense counsel with respect to trial strategy and tactics is not a sufficient basis for substitution of counsel (*see People v Johnson,* 256 AD2d 1157, 1158 [1998], *lv denied* 93 NY2d 875 [1999]).

We reject the further contention of defendant that the court abused its discretion in denying his motion seeking a mistrial. "Any prejudice to the defendant which might have arisen due to the brief mention of uncharged criminal activity which was made at defendant's trial was alleviated when the court sustained defendant's objections and took prompt curative action" (*People v Santiago,* 52 NY2d 865, 866 [1981]).

We agree with defendant, however, and the People correctly

concede, that the court erred in directing that the definite sentences imposed on the misdemeanor counts shall run consecutively to the indeterminate sentence imposed on the felony count (*see* Penal Law § 70.35), and we therefore modify the judgment by directing that the definite sentences shall run concurrently with the indeterminate sentence (*see People v Wiegert,* 248 AD2d 929, 930 [1998], *lv denied* 91 NY2d 1014 [1998]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.