■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GLINSKI, Appellant. (Appeal No. 1.) [827 NYS2d 924]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 23, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GLINSKI, Appellant. (Appeal No. 2.) [829 NYS2d 394]—

■■■■■■■■■■■■■■■■

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 23, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence shall run concurrently with the sentence imposed for criminal possession of a weapon in the third degree under indictment No. 1507-2004 and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (§ 215.51 [b] [vi]). Defendant was sentenced in appeal No. 1 to a determinate term of imprisonment of four years with a three year period of postrelease supervision and restitution and, in appeal No. 2, defendant was sentenced to a definite term of imprisonment of one year to be served consecutively to the sentence imposed in appeal No. 1. The valid waiver by defendant of his right to appeal with respect to both convictions encompasses his challenge to the severity of the sentences (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Lococo, 92 NY2d 825, 827 [1998]). In any event, we conclude that the sentences imposed on the respective convictions are not unduly harsh or severe. We agree with defendant, however,

that County Court erred in directing that the definite sentence shall run consecutively to the determinate sentence. The offense underlying the definite sentence was committed prior to the date on which the determinate sentence was imposed, and thus the definite sentence must run concurrently (*see* Penal Law § 70.35; *see also People v Shorter*, 6 AD3d 1204, 1205-1206 [2004], *lv denied* 3 NY3d 648 [2004]). We therefore modify the judgment in appeal No. 2 accordingly. Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.