FOURTH DEPARTMENT, APRIL, 2009

(April 24, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE SLATER, Appellant. [877 NYS2d 593]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 14, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). The record establishes that, prior to trial, a potential witness for the defense indicated that she would invoke the Fifth Amendment in the event that defendant called her to testify. Defendant asked County Court to instruct the

jury that he wished to call that person to testify on his behalf and that he should not be penalized by her failure to do so. We reject the contention of defendant that the court erred in refusing to charge the jury in accordance with his request. Rather, we conclude that the court properly gave a neutral instruction to the jury concerning that witness, i.e., that it was not to draw any inference from her failure to testify (*see People v Tatro*, 53 AD3d 781, 786-787 [2008], *lv denied* 11 NY3d 835 [2008]; *see generally People v Thomas*, 51 NY2d 466, 472-473 [1980]). Defendant failed to preserve for our review the contention in his pro se supplemental brief that the affidavit of that witness should have been admitted in evidence as a declaration against penal interest inasmuch as defendant never sought to introduce the affidavit in evidence (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Even assuming, arguendo, that defendant is correct that the court erred in its *Molineux* ruling, we conclude that the error is harmless (*see People v Laws*, 27 AD3d 1116 [2006], *lv denied* 7 NY3d 758 [2006]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We reject defendant's further contention that the court erred in imposing consecutive sentences for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. "[T]he sale and possession charges involved separate and distinct acts, allowing imposition of consecutive sentences upon conviction" (*People v Farga*, 180 AD2d 484, 485 [1992], *lv denied* 80 NY2d 830 [1992]; *see People v Johnson*, 286 AD2d 929, 930 [2001], *lv denied* 97 NY2d 756 [2002]; *People v Watson*, 242 AD2d 924, 925 [1997], *lv denied* 91 NY2d 899 [1998]). The further contention of defendant that he was improperly penalized for exercising his right to a trial is not preserved for our review (*see People v Griffin*, 48 AD3d 1233, 1236-1237 [2008], *lv denied* 10 NY3d 840 [2008]; *People v Irrizarry*, 37 AD3d 1082, 1083 [2007], *lv denied* 8 NY3d 946 [2007]). In any event, we conclude that the sentence imposed "was not the product of vindictiveness" (*People v Thompson*, 299 AD2d 889, 890 [2002], *lv denied* 99 NY2d 585 [2003]; *see Irrizarry*, 37 AD3d at 1083). The contention of defendant in his pro se supplemental brief that the court erred in denying his request for new counsel based on an alleged conflict of interest is based on matters dehors the record, and thus it is not reviewable on direct appeal (*see generally People v Scott*, 60 AD3d 1360 [2009]). Insofar as the further contention of defendant in his pro se supplemental brief that he received ineffective assistance of counsel is also based on matters dehors the record, it is not reviewable on direct appeal (*see*

*People v Martina*, 48 AD3d 1271, 1272-1273 [2008], *lv denied* 10 NY3d 961 [2008]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]), and we conclude on the record before us that defendant's contention is otherwise without merit (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.