■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BROWN, Appellant. (Appeal No. 1.) [890 NYS2d 741]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered June 22, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). Defendant failed to preserve for our review his contention that Supreme Court penalized him for exercising his right to trial by imposing a more severe sentence after trial than that offered as part of the plea bargain (*see People v Slater*, 61 AD3d 1328, 1329 [2009], *lv denied* 13 NY3d 749 [2009]). In any event, that contention is without merit. "The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant that he was penalized for exercising his right to go to trial" (*People v Jones*, 229 AD2d 980, 980 [1996], *lv denied* 89 NY2d 925 [1996]), and the record contains no evidence that the sentence was " 'the prod-

uct of vindictiveness' " (*Slater*, 61 AD3d at 1329). Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to establish his intent to cause serious physical injury inasmuch as his motion for a trial order of dismissal was not specifically directed at that issue (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to defendant's contention, the evidence is legally sufficient to establish that the victim sustained a serious physical injury (*see People v Thompson*, 224 AD2d 646 [1996], *lv denied* 88 NY2d 970 [1996]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of assault in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The remaining contentions of defendant, including those raised in his pro se supplemental brief, are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.