■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BARNISH, Appellant. [899 NYS2d 511]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 25, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, burglary in the first degree (two counts), criminal possession of a weapon in the third degree, criminal mischief in the third degree and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, assault in the first degree (Penal Law § 120.10 [1]), defendant contends that the evidence is legally insufficient to establish that the victim sustained a serious physical injury. By failing to move for a trial order of dismissal on that ground, defendant failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Brown*, 67 AD3d 1427 [2009]). In any event, we reject that contention. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant caused serious physical injury to the victim by striking him repeatedly in the head and body with a claw hammer (*see gener-*

*ally People v Bleakley*, 69 NY2d 490, 495 [1987]). The wound to the victim's forehead was closed by 55 stitches in three layers of muscle, tissue and skin, and the treating physician testified that the victim would have permanent scarring. Indeed, the scarring on the victim's forehead was visible when the victim testified at trial, approximately seven months after the injury was sustained.

Finally, we reject the contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.