Appeal from a resentence of the Herkimer County Court (Patrick L. Kirk, J.), rendered December 5, 2008. Defendant was resentenced to a determinate term of incarceration of 15 years without postrelease supervision.
It is hereby ordered that the resentence so appealed from is reversed on the law and the matter is remitted to Herkimer County Court for resentencing in accordance with the following memorandum: Defendant appeals from a resentence pursuant to which County Court sentenced him to a 15-year term of incarceration without postrelease supervision (see generally People v Lard, 71 AD3d 1464 [2010], lv denied 14 NY3d 889 [2010]). We conclude that the court erred in failing to undertake any inquiry of defendant to determine whether his waiver of the right to counsel in connection with the resentence was knowingly, voluntarily and intelligently entered (see People v Arroyo, 98 NY2d 101, 103 [2002]; cf. People v Torpey, 258 AD2d 972 [1999], lv dismissed 93 NY2d 903 [1999], lv denied upon reconsideration 93 NY2d 1006 [1999]; People v Jewell, 151 AD2d 607 [1989]). We therefore reverse the resentence and remit the matter to County Court for resentencing, at which time defendant shall be advised of his right to counsel and, if defendant chooses to waive that right, the court must undertake a “searching inquiry” to determine whether defendant’s waiver is know *791 ing, voluntary and intelligent (Arroyo, 98 NY2d at 103 [internal quotation marks omitted]). The contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel because defense counsel signed the waivers of indictment and speedy trial is based on documents dehors the record on appeal and must therefore be raised by way of a motion pursuant to CPL article 440 (see People v Dorn, 71 AD3d 1523 [2010]). Nevertheless, we note our concern with the fact that defense counsel, rather than defendant, signed those waivers. The remaining contentions of defendant are not properly before us inasmuch as they concern the proceedings underlying the original judgment of conviction rather than the resentence (see generally People v Lawlor, 49 AD3d 1270 [2008], lv denied 10 NY3d 936 [2008]).
All concur except Martoche, J.E, and Garni, J., who dissent and vote to dismiss the appeal in the following memorandum.