# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**833**

**KA 10-01454**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

BRANDON STILTS, DEFENDANT-APPELLANT.

---

CHRISTOPHER S. BRADSTREET, ROCHESTER, FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered April 10, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the term of probation previously imposed upon his conviction of rape in the second degree (Penal Law § 130.30 [1]) and sentencing him to a determinate term of incarceration, following a hearing on the issue whether he violated the conditions of his probation. We reject defendant's contention that County Court erred in denying his request for substitution of counsel. The record establishes that the court "made the requisite inquiry to determine whether defendant had good cause for substitution" (*People v Henderson*, 77 AD3d 1311, 1311), and " 'thereafter reasonably concluded that defendant's . . . objections had no merit or substance' " (*id.*). The denial of a defendant's request for substitution of assigned counsel does not constitute an abuse of the court's discretion where, as in this case, "tensions between client and counsel on the eve of [a hearing] were the precipitate of differences over strategy" (*People v Medina*, 44 NY2d 199, 208; *see People v Shorter*, 6 AD3d 1204, 1205, *lv denied* 3 NY3d 648). We reject defendant's further contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered: July 1, 2011                                        Patricia L. Morgan
                                                            Clerk of the Court