People v Washington (2018 NY Slip Op 02996)





People v Washington


2018 NY Slip Op 02996


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


480 KA 15-00913

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DESMOND WASHINGTON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
DESMOND WASHINGTON, DEFENDANT-APPELLANT PRO SE.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ROBERT R. CALLI, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered December 9, 2014. The judgment convicted defendant, upon a nonjury trial, of criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed shall run concurrently and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (§ 220.16 [1]).
Defendant's challenge in appeal No. 1 to the legal sufficiency of the evidence with respect to the credibility of the People's witnesses is unpreserved for our review because defendant did not raise that ground in support of his motion for a trial order of dismissal (see People v Beard, 100 AD3d 1508, 1509 [4th Dept 2012]). Viewing the evidence in light of the elements of the crime in the nonjury trial in appeal No. 1 (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence based on his challenge to the credibility of two of the People's witnesses (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[I]ssues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the [factfinder]" (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]; see People v Smith, 145 AD3d 1628, 1629 [4th Dept 2016]). "Testimony will be deemed incredible as a matter of law only where it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]), and here the testimony of those two witnesses was not incredible as a matter of law.
Defendant further contends in appeal No. 1 that County Court, in sentencing him to two consecutive nine-year terms of incarceration, penalized him for exercising his right to a jury trial. We reject that contention. " [T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to [a] trial' " (People v Chappelle, 14 AD3d 728, 729 [3d Dept 2005], lv denied 5 NY3d 786 [2005]; see People v Murphy, 68 AD3d 1730, 1731 [4th Dept 2009], lv denied 14 NY3d 843 [2010]). Indeed,
" [g]iven that the quid pro quo of the bargaining process will almost necessarily involve offers [*2]to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (People v Martinez, 26 NY3d 196, 200 [2015]). We conclude that "the record shows no retaliation or vindictiveness against the defendant for electing to proceed to trial" (People v Shaw, 124 AD2d 686, 686 [2d Dept 1986], lv denied 69 NY2d 750 [1987]; see People v Brown, 67 AD3d 1427, 1427-1428 [4th Dept 2009], lv denied 14 NY3d 839 [2010]). We conclude, however, that the sentence is unduly harsh and severe under the circumstances (see CPL 470.15 [6] [b]), and we therefore modify the judgment in appeal No. 1 as a matter of discretion in the interest of justice by directing that the sentences imposed shall run concurrently.
Defendant failed to preserve for our review his challenge to the court's suppression ruling in appeal No. 2 inasmuch as he failed to "[make] his position with respect to the [challenged] ruling . . . known to the court" (CPL 470.05 [2]; see generally People v Martin, 50 NY2d 1029, 1031 [1980]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We have reviewed defendant's contentions in appeal Nos. 1 and 2 in his pro se supplemental briefs and conclude that none requires reversal or further modification.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court