(July 26, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETTY JANE CLOSE, Appellant. — Appeal from a judgment of the County Court of Fulton County (Albanese, J.), rendered May 22, 1980, upon a verdict convicting defendant of the crime of murder in the second degree. ¶ Defendant and her husband, Benedict J. Close, Jr., were indicted for the murder of Mr. Close's first wife, Ethel Close. After a joint trial before a jury, defendant and Mr. Close were found guilty of murder in the second degree for intentionally killing Ethel, and they were each sentenced to a term of incarceration of 21 years to life. This court has previously affirmed Mr. Close's conviction (*People v Close,* 90 AD2d 562) and the underlying facts can be found in this previous decision (*id.*). On this appeal, defendant raises several grounds for reversal and carefully discusses the reasons why her case supports reversal despite the affirmance of her husband's conviction. Although defendant's position is well presented, our review of the voluminous record and applicable law convinces us that affirmance is warranted. ¶ We first reject defendant's claim that defendant was denied effective assistance of counsel by County Court's failure to order separate representation for defendant and Mr. Close or, at least, to conduct a hearing to determine defendant's capacity to waive her rights in this regard. The record reveals that County Court more than once alerted defendant to the possibility of a conflict arising from the joint representation and to

her right to separate counsel (see *People v Lloyd,* 51 NY2d 107, 111-112; *People v Gomberg,* 38 NY2d 307, 313-314). Defendant nonetheless insisted on joint representation and, as such, she cannot now be heard to claim that she was deprived of effective assistance of counsel because of the possibility of conflict arising from such joint representation (see *People v Ortiz,* 49 NY2d 718, 719; *People v Close,* 90 AD2d 562, 563, *supra*). We have no need to address the issue of whether defendant was incompetent to waive her right to separate counsel in light of the findings that defendant was neither incompetent to stand trial nor not guilty by reason of mental disease or defect (cf. *People v Krom,* 61 NY2d 187). ¶ We further conclude that County Court did not abuse its discretion in denying defendant's motion for a severance and a separate trial. Defendant's confession stated "I thought that the insulin would be a fatal dose which is about five cc's [*sic*]. I had about six in the two syrenges [*sic*]" and thereby indicated, contrary to defendant's contention, her intent to kill. Thus, the confessions of defendant and Mr. Close were identical in this material aspect and, further, were substantially similar with regard to the operative facts of the incident. Accordingly, inasmuch as the codefendants' voluntary confessions were almost identical and defendant's confession provides independent proof of guilt, the possibility of prejudice resulting from the joint trial can be discounted (see *People v Safian,* 46 NY2d 181, 188, cert den *sub nom. Miner v New York,* 443 US 912; *People v Payne,* 35 NY2d 22, 27-28). Moreover, County Court properly instructed the jury that each statement could be considered only against the declarant and thereby further decreased the possibility of prejudice. Also, the defenses propounded by the codefendants have previously been found by this court not to be inimical *People v Close,* 90 AD2d 562, 563, *supra*); had the defenses been such, the need for severance would have been more compelling. ¶ We next reject defendant's claim that the indictment should have been dismissed because the People failed to preserve Ethel's blood samples for defense testing. Although the prosecution is under a duty to diligently preserve all materials which may be subject to disclosure (see, e.g., *People v Saddy,* 84 AD2d 175, 178), whether the destruction of potentially exculpatory material can be sanctioned depends on the degree of the prosecutor's bad faith or negligence, the importance of the evidence lost, and the evidence of guilt adduced at trial (*id.,* at p 179, quoting *United States v Bryant,* 439 F2d 642, 653). In this case, the tests conducted on Ethel's blood overwhelmingly established the presence of fatal amounts of insulin, there was no indication that the law enforcement officials who disposed of the small amount of blood did so in bad faith, and there was substantial other evidence of defendant's guilt, including her confession. With these facts prevailing, the disposal of the blood was harmless and does not require reversal (see, also, *People v Briggs,* 81 AD2d 1017; cf. *People v Kelly,* 62 NY2d 516), especially in light of the additional fact, evident from the above, that it is not likely that the evidence, had it been turned over to the defense, would have changed the verdict (see *People v McMullen,* 92 AD2d 1059, 1060). ¶ We also reject defendant's claim that misconduct by the prosecutor and Trial Judge denied her a fair trial. Our review of the record reveals that several instances of alleged improper cross-examination and summation by the prosecutor were not objected to by defense counsel and, in light of the overwhelming evidence of defendant's guilt, we refuse to exercise our discretion to review them in the interest of justice. It further appears that several objections to such instances were sustained and, overall, considering the whole of this month-long trial which often raised emotions, we find reversal based on the prosecutor's conduct unwarranted. Likewise, any appearance of partiality by the Trial Judge toward the prosecution was offset by castigations of the prosecutor and, in this lengthy, heated trial, we find no cause for reversal on this ground. Finally, we

conclude that the syringes found by the police at the landfill were sufficiently connected to defendant so as to be admissible. ¶ Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.