■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BONACORSA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered October 22, 1981, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial after a hearing (Eiber, J.), of that branch of defendant's motion which was to suppress a certain pretrial statement made by him to the police.

Judgment affirmed.

The record overwhelmingly supports the hearing court's determination that defendant's statement was spontaneously uttered after the proper administration of *Miranda* warnings and thus was not the result of custodial interrogation. The mere fact that defendant's statement was made immediately after a remark by the arresting officer does not foreclose this finding of spontaneity *(see, People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786; *People v Lynes,* 49 NY2d 286), for the officer's comment was declarative in nature and could not reasonably be construed as one likely to elicit an incriminating response from defendant *(see, People v Huffman,* 61 NY2d 795; *People v Joyner,* 109 AD2d 753, *lv denied* 65 NY2d 696). The record also amply supports the finding of the hearing court that defendant's statement was voluntarily made, despite his claim of intoxication *(see, People v Adams,* 26 NY2d 129, *cert denied* 399 US 931). We further note that, in light of defendant's criminal background and the serious nature of the instant offense, the sentence imposed was well within the bounds of the sentencing court's sound discretion *(see, People v Farrar,* 52 NY2d 302). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.