■ The People of the State of New York, Respondent, v Eugene Jon Banks, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered June 12, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Delin, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The hearing court properly admitted the defendant's postarrest statement, as it was spontaneous and not made in response to any police interrogation *(see, People v Lawrence,* 116 AD2d 664; *People v Bonacorsa,* 115 AD2d 546, *lv denied* 67 NY2d 759). The mere fact that the defendant's statement was made immediately after apparently overhearing a remark by the arresting officer made while on the telephone on official business does not foreclose a finding of spontaneity *(see, People v Bonacorsa, supra; People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786, *rearg dismissed* 65 NY2d 638). The officer's comment was declarative in nature and could not reasonably be construed as one likely to elicit an incriminating response from the defendant *(see, People v Huffman,* 61 NY2d 795; *People v Joyner,* 109 AD2d 753, *lv denied* 65 NY2d 696).

Further, the trial court did not err in its denial of the defendant's motion for a mistrial after a portion of an inadmissible statement made by the defendant was inadvertently revealed to the jury during the direct examination of a police officer. It is well settled that "the decision whether to abort a criminal trial must rest, in the first instance, in the sound

discretion of the trial court" *(see, Hall v Potoker,* 49 NY2d 501, 505; *People v Michael,* 48 NY2d 1). An appellate court should be hesitant to interfere with the exercise of this discretion, particularly where the decision involves an assessment of the impact of certain events upon a jury, such as the uttering of prejudicial comments *(see, Arizona v Washington,* 434 US 497; *Hall v Potoker, supra; Matter of Napoli v Supreme Ct.,* 33 NY2d 980, *affg* 40 AD2d 159 *on opn at App Div, cert denied* 417 US 947). At bar, the trial court did not abuse its discretion in determining that a mistrial was not warranted. Moreover, the issuance of immediate curative instructions to the jury was more than sufficient to minimize any possible prejudice suffered by the defendant due to the police officer's utterance of a small portion of the defendant's statement, particularly where, as here, the prosecutor cut off the witness before any meaning could be given to those words.

Likewise, the trial court properly denied the defendant's second motion for a mistrial, made after the jury rendered its verdict, which was based on the prosecutor's failure to disclose exculpatory *Brady* material, to wit, a note in the People's case file indicating that somebody had placed the crime as having occurred at 3:00 P.M. on the date in question rather than 5:00 P.M. as alleged by the prosecution's witnesses. Initially, we note that the declaration of a mistrial after the rendition of the jury's verdict is unauthorized *(see,* CPL 280.10; *People v Collins,* 72 AD2d 431). In any event, this contention is without merit. While it is axiomatic that a prosecutor is under a duty to turn over, upon the request of defense counsel, evidence favorable to the accused *(see, Brady v Maryland,* 373 US 83), it is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it *(see, People v Fein,* 18 NY2d 162, *cert denied* 385 US 649, *reh denied* 386 US 978; *People v Murphy,* 109 AD2d 895; *People v Jones,* 85 AD2d 50). In the instant case, it is clear that the defendant must have been aware of the existence of such evidence since he introduced evidence with respect to the alleged earlier time of the occurrence by way of the defendant's father.

We have reviewed the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.