■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NOVAK, Appellant

The People adduced sufficient evidence to establish defendant's intent to cause serious physical injury. Defendant's criminal intent is inferable from the nature and fatal outcome of the beating that he inflicted on the decedent, from defendant's admission that he chased the victim some distance before the fight, and from his false and contradictory statements to police following the incident.

Similarly without merit is defendant's contention that the evidence was insufficient to prove that the victim's death was caused by the beating. The medical examiner was unwavering in his testimony that the primary cause of death was the injury to the victim's head and neck, and he rejected the defense theory that the victim died of a heart attack.

With respect to the admission of improper opinion testimony, we conclude that any prejudice was alleviated by the court's forceful instruction that the jury should disregard that testimony. We must presume that the jury followed the court's instructions (*People v Davis,* 58 NY2d 1102, 1104).

The court did not err in refusing to declare a mistrial. At the time the jury reported a deadlock, it had been deliberating less than six hours in a relatively complicated circumstantial evidence case. Defendant's challenge to the court's *Allen* charge is also lacking in merit. That charge did not single out a particular juror or group of jurors with the effect of coercing a verdict.

Finally, the court did not abuse its discretion in sentencing defendant. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.