■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRIDGES, Also Known as CALVIN BRIDGES, Appellant.—Judgment unanimously affirmed. Memorandum: The failure of the People to perform a secretor test or to keep the rape kit in cold storage did not deprive defendant of a fair trial. The Monroe County forensic chemist, Alfred Di Pasqua, testified that rape kits are not normally kept in cold storage and that, because of lack of manpower, secretor testing is ordinarily performed only on request from the prosecutor or defense counsel, or by court order. Although defendant's counsel indicated five days after the rape that defendant would be willing to give a blood sample so that "some form of forensic comparison" could be conducted, that was merely a casual reference, not a request for secretor testing. He did not request such test until December 1988, three and one-half months after the rape. By then the seminal material would have decomposed. Thus, the trial court properly denied defendant's motion to dismiss the indictment, as well as his application for alternative sanctions. In the absence of bad faith, the People's failure to "preserve evidentiary material of which no more can be said than that it could have been tested and the result may have helped defendant does not violate the Brady rule" (People v Scattareggia, 152 AD2d 679; see also, People v Allgood, 70 NY2d 812; Arizona v Youngblood, 488 US 51).

The hospital record containing an observation by Dr. Lisa Simon of motile sperm, which was admitted as a business record *(see,* CPLR 4518 [a]), violated defendant's right of confrontation *(see,* US Const 6th Amend; NY Const, art I, § 6; *Ohio v Roberts,* 448 US 56; *People v Sanders,* 56 NY2d 51). The prosecution's unsuccessful efforts to obtain Dr. Simon's presence at trial met the requirement that a reasonable good-faith effort be made to produce the witness under the two-prong test established by the U. S. Supreme Court *(see, Ohio v Roberts, supra,* at 74; *People v Sanders, supra,* at 64). In light of Di Pasqua's testimony that he found no evidence of sperm or seminal fluid in the swabs or glass slides prepared by Dr. Simon, the hospital record did not meet the second condition of providing the jury with the " 'indicia of reliability' " necessary for proper evaluation of the document without the aid of cross-examination *(Ohio v Roberts, supra,* at 66; *People v Grant,* 113 AD2d 311, *lv denied* 67 NY2d 943).

The error, however, was harmless. The victim's prompt report that she had been raped, the bruise on her shin, the pubic hairs found in her underpants, the presence of sperma-tozoal cells on the crotch area of the victim's underwear, the victim's positive identification of the defendant, and the weakening of defendant's alibi by rebuttal testimony from a witness hostile to the prosecution, provided overwhelming evidence of defendant's guilt. There is no showing that the victim's mental retardation impaired her ability to make an adequate description of the incident or an accurate identification. Thus, there is no reasonable possibility that admission of the hospital record, whose impact was considerably weakened by Di Pasqua's testimony, contributed to defendant's conviction *(see, People v Ayala,* 75 NY2d 422; *People v Crimmins,* 36 NY2d 230).

For the same reason, the interpretation by Dr. Ann Shamaskin of Dr. Simon's report and Investigator Boccardo's impermissible bolstering of the victim's identification of the defendant were harmless error as well.

We have examined defendant's other contentions and find them to be unpreserved, or without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Rape, 1st Degree.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.