■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: We conclude that there is no merit to defendant's contention that Supreme Court erred in denying his motion for a mistrial or his pretrial motion to suppress the results of the breathalyzer test *(see, People v Nania,* 177 AD2d 1015, *lv denied* 79 NY2d 951). Prior to the testimony of the police officer who administered the test, the court granted defendant's renewed application at trial to suppress the test results as unreliable *(see, People v Uruburu,* 169 AD2d 20, *lv denied* 78 NY2d 1082). Defendant moved for a mistrial based

upon the fact that during their opening remarks to the jury both the court and the prosecution mentioned the breath test results while reviewing the charges in the indictment. The court denied defendant's motion and gave a curative instruction as part of its jury charge. That was not error.

Because a motion for a mistrial is addressed to the sound discretion of the trial court, we decline to interfere with those determinations *(People v Banks,* 130 AD2d 498, *lv denied* 70 NY2d 709), especially where, as here, the motion requires the trial court to assess the impact of certain events on the jury *(see, Hall v Potoker,* 49 NY2d 501, 506; *People v Banks, supra).* We find no abuse of discretion here. Further, we conclude that the curative instruction was sufficient to minimize any prejudice to the defendant.

Viewing the whole charge *(People v Canty,* 60 NY2d 830, 832), we conclude that the court's instructions on driving while intoxicated were comprehensive and correctly conveyed the proper standard to the jury *(see, People v Cruz,* 48 NY2d 419, 427-428, *appeal dismissed* 446 US 901). Defendant has failed to preserve for our review his contention that the court erred in its instructions on criminal negligence and driving while ability impaired *(see,* CPL 470.05 [2]). We find no error in the court's refusal to charge the jury as requested that defendant was entitled to the benefit in the event that the evidence permitted them to draw two inferences, one favorable to the People and one favorable to the defendant. Even were we to conclude that this was error, it was harmless because the proof of defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230). We find no error in the manner in which the court submitted the counts to the jury on the verdict sheet.

The court properly received into evidence a diagram of the accident scene prepared by the investigating officer *(see,* Fisch, New York Evidence § 141 [2d ed]). Although it was error to permit the officer to state his opinion regarding the place of impact, the error was harmless. There was overwhelming proof of the point of impact in the record. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Vehicular Manslaughter, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.