■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ABSTON, Appellant. (Appeal No. 2.) [645 NYS2d 690] —Judgment unanimously affirmed. Memorandum: Defendant contends that his retrial was barred by double jeopardy because the prosecutor deliberately provoked defendant to seek a mistrial. We disagree. Although the prosecutor acted improperly in questioning a prosecution witness who changed his previous testimony that defendant was the shooter, there is no basis in the record to justify an inference that the prosecutor's misconduct was motivated by bad faith and was designed to

provoke a mistrial motion *(see, Matter of Potenza v Kane,* 79 AD2d 467, 470-471, *lv denied* 53 NY2d 606; *see also, Oregon v Kennedy,* 456 US 667, 673; *United States v Dinitz,* 424 US 600, 611; *Matter of Davis v Brown,* 87 NY2d 626).

We likewise reject the contention of defendant that, upon retrial, County Court erred in denying his motion for a mistrial based on the prosecutor's improper comments on summation concerning a deceased witness. The decision whether to grant a mistrial is within the sound discretion of the trial court and should not be disturbed, particularly where, as here, the decision involves the trial court's assessment of the impact of certain conduct upon a jury *(see, Hall v Potoker,* 49 NY2d 501, 505; *People v Smith,* 187 AD2d 942, 943; *People v Banks,* 130 AD2d 498, *lv denied* 70 NY2d 709). Additionally, the court's curative instruction minimized any prejudice caused by the prosecutor's comments *(see, People v Smith, supra,* at 943; *People v Banks, supra).*

Defendant further contends that the court's *Allen* charge was coercive, mandating reversal *(see, Allen v United States,* 164 US 492, 501-502). It is well settled that, after a jury announces that it is deadlocked, a court is permitted to give an *Allen* charge to assist the jury in its deliberations by encouraging them "to adhere to their oaths and make one final effort to review the evidence and reach a verdict one way or the other" *(People v Pagan,* 45 NY2d 725, 727). It is impermissible, however, for a court to attempt to coerce or compel a jury to reach a verdict in its *Allen* charge *(see, People v Pagan, supra,* at 726-727; *People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920). Based on our review of the court's *Allen* charge, we conclude that the court did not coerce or compel the jury to reach a verdict *(see, People v Williams,* 210 AD2d 966, *lv denied* 85 NY2d 982; *People v Novak,* 179 AD2d 1053, *lv denied* 79 NY2d 922).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.