THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO SAMUELS, Appellant. [673 NYS2d 348] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). We reject the contention of defendant that Supreme Court erred in denying his motion for a mistrial based upon an improper comment by the prosecutor on summation. "The decision whether to grant a mistrial is within the sound discretion of the trial court and should not be disturbed, particularly where, as here, the decision involves the trial court's assessment of the impact of certain conduct upon a jury * * * Additionally, the court's curative instruction minimized any prejudice caused by the prosecutor's comments" (*People v Abston,* 229 AD2d 970, 971, *lv denied* 88 NY2d 1066; *see also, People v Smith,* 187 AD2d 942, 943).

We reject defendant's contention that the court's *Allen* charge (*see, Allen v United States,* 164 US 492, 501-502) was unduly coercive and failed to instruct the jury that they were free not to reach a unanimous verdict. The court's *Allen* charge did not compel or coerce the jury to reach a verdict (*see, People v Pagan,* 45 NY2d 725, 726; *People v Abston, supra,* at 971). The court's instruction that the jurors should attempt to reach a verdict "if possible" was sufficient to apprise them of their option not to reach a unanimous verdict. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.