THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NASRALLAS BAILEY, Appellant. [794 NYS2d 223]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 27, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and sodomy in the third degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by directing that the terms of imprisonment imposed on the second, third and fourth counts of the indictment shall run concurrently with one another and consecutively to the term of imprisonment imposed on the first count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of rape in the third degree (Penal Law § 130.25 [3]) and three counts of sodomy in the third degree (former § 130.40 [3]). We reject the contention of

defendant that he was denied effective assistance of counsel where, as here, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Also contrary to defendant's contention, the imposition of concurrent sentences was not required pursuant to Penal Law § 70.25 (2). Although the underlying acts of rape and sodomy "took place over a continuous course of activity, they constituted separate and distinct acts, and none of the completed offenses was a material element of another offense" (*People v Boyce*, 133 AD2d 164, 164 [1987]; *see People v Smith*, 269 AD2d 778 [2000], *lv denied* 95 NY2d 804 [2000]; *People v Brown*, 66 AD2d 223, 226 [1979]). We conclude, however, that the imposition of four consecutive terms of imprisonment renders the sentence unduly harsh (*see* CPL 470.15 [6] [b]). Therefore, as a matter of discretion in the interest of justice, we modify the judgment by directing that the terms of imprisonment imposed on the second, third and fourth counts, i.e., the three counts of sodomy in the third degree, shall run concurrently with one another and consecutively to the term of imprisonment imposed on the first count, i.e., rape in the third degree.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.