THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ROMAN, Appellant. [793 NYS2d 846]—

Appeal from a judgment of the Onondaga County Court (J. Kevin Mulroy, J.), rendered June 24, 1996. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (former § 265.03). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion for a mistrial based on the hearsay testimony of the victim that defendant wanted to shoot and kill him (*see People v Horn*, 284 AD2d 986 [2001], *lv denied* 97 NY2d 683 [2001]; *see generally People v Abston*, 229 AD2d 970, 971 [1996], *lv denied* 88 NY2d 1066 [1996]). The court's prompt curative instruction minimized any prejudice caused by the improper testimony (*see Horn*, 284 AD2d 986 [2001]; *see generally People v Shorter*, 6 AD3d 1204 [2004], *lv denied* 3 NY3d 648 [2004]; *Abston*, 229

AD2d at 971). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Three witnesses, including the victim, identified defendant as the shooter. "Great deference is to be accorded to the [jury's] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Valencia*, 263 AD2d 874, 876 [1999], *lv denied* 94 NY2d 799 [1999]). Present—Kehoe, J.P., Gorski, Smith, Pine and Hayes, JJ.