THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SYLAR, Appellant. [801 NYS2d 661]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered April 17, 2001. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sodomy in the first degree (Penal Law former § 130.50 [3]) and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Williams*, 17 AD3d 1043, 1045 [2005]; *People v Harrison*, 2 AD3d 1454 [2003], *lv denied* 2 NY3d 740 [2004]). In any event, defendant's contention lacks merit (*see generally People v Mateo*, 2 NY3d 383, 409-410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to the contention of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Bailey*, 17 AD3d 1022, 1022-1023 [2005]). The testimony of the victim elicited by defense counsel on cross-examination to which defendant objects was merely cumulative of her testimony on direct examination and defendant was not thereby deprived of a fair trial (*see generally People v Flores*, 84 NY2d 184, 187-188 [1994]). Although defendant further contends that defense counsel should have

called the other children who attended the slumber party to testify at trial, it appears from the record before us that those other children were asleep throughout the incident. To the extent that defendant contends otherwise, his contention is based upon information outside the record and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Jackson*, 4 AD3d 773, 774 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Nicholson*, 269 AD2d 868, 869 [2000], *lv denied* 95 NY2d 907 [2000]).

We further reject defendant's contention that Supreme Court erred in refusing to give an adverse inference charge regarding the discarded rape kit. "In the absence of bad faith, the People's failure to 'preserve evidentiary material of which no more can be said than that it could have been tested and the result may have helped defendant does not violate the *Brady* rule' " (*People v Bridges*, 184 AD2d 1042, 1042 [1992], *lv denied* 80 NY2d 973 [1992]; *see People v Close*, 103 AD2d 970, 971 [1984]). Finally, defendant failed to preserve for our review his contention that the court's interested witness charge was improper (*see generally* CPL 470.05 [2]; *People v Highsmith*, 254 AD2d 768, 769 [1998], *lv denied* 92 NY2d 983, 1033 [1998]) and, in any event, defendant's contention lacks merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.