■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUSHER B. WALLACE, Appellant. [837 NYS2d 462]—

Appeal from a judgment of the Monroe County Court (Patri-

cia D. Marks, J.), rendered April 12, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05) and criminal possession of stolen property in the fourth degree (§ 165.45 [2]). Contrary to the contention of defendant, County Court did not err in refusing to suppress tangible evidence seized from his person. Given defendant's geographic and temporal proximity to the robbery when found, the resemblance of defendant to the victim's description of the perpetrator, his untruthful answer concerning a pair of gloves he had just discarded within the view of the police officer, his nervousness, and the odor of alcohol on him, we conclude that the officer was justified in handcuffing defendant for the purposes of patting him down for weapons and transporting him for a showup identification (*see People v Allen*, 73 NY2d 378, 379-380 [1989]; *People v Jennings*, 281 AD2d 285 [2001], *lv denied* 96 NY2d 903 [2001]). Contrary to defendant's further contention, the officer was entitled to conduct a more intrusive search upon conducting the pat-down frisk. The officer testified that the pat-down frisk was intended to uncover guns, knives, or any items that could pose a danger to the safety of the officer or defendant. When the officer could not determine whether two hard objects in defendant's pockets were weapons (*cf. People v Diaz*, 81 NY2d 106, 109 [1993]), he "did not exceed the bounds of a permissible frisk" by reaching into defendant's pockets to make that determination (*People v Santiago*, 253 AD2d 673, 673 [1998], *lv denied* 92 NY2d 985 [1998]; *see People v Howard*, 2 AD3d 1323, 1324 [2003], *lv denied* 2 NY3d 800 [2004]; *see also People v Perolta-Rua*, 179 AD2d 1051, 1053 [1992], *lv denied* 80 NY2d 836 [1992]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.