■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. [855 NYS2d 88]—Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered March 13, 2006, convicting defendant, after a jury trial, of burglary in the first degree, assault in the second degree, and attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Defendant was identified by the victim, who was acquainted with defendant and knew him by name. In addition, police officers saw defendant escaping from the victim's apartment and also made prompt, on-the-scene identifications. The inconsistencies in testimony cited by defendant were insignificant.

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYDELL TRIBBLE, Appellant. [854 NYS2d 305]—Judgment, Supreme Court, New York County (Joseph Fisch, J.), rendered on or about June 8, 2006, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.