# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1128
KA 08-01315
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ERVIN J. SMALLS, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERVIN J. SMALLS, JR., DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 22, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20). We agree with defendant in appeal No. 1 that Supreme Court erred in allowing the People to present the testimony of a police officer that bolstered the complainant's identification testimony, because such testimony "provid[ed] official confirmation of the complainant's identification of the defendant" (*People v German*, 45 AD3d 861, 862, *lv denied* 9 NY3d 1034; *see People v McCullen*, 63 AD3d 1708, 1709, *lv denied* 13 NY3d 747). We further conclude, however, that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242). "[T]he bolstering testimony . . . confirmed only the bald fact of the identification. It went into no particulars of such identification or the means by which the victim reached her conclusion. Beyond the fact that she did identify him, there was nothing to shore up the reliability or probative worth of her identification. Unquestionably defendant had been identified; the erroneously admitted bolstering testimony went no further than to corroborate that uncontroverted fact" (*People v Johnson*, 57 NY2d 969, 971). We further note that defense counsel conceded those facts in

his opening statement and stated that the complainant told the officer that defendant was the perpetrator.

Contrary to the further contention of defendant in appeal No. 1, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "The credibility of the victim and the weight to be accorded her testimony were matters for the jury" (*People v Halwig*, 288 AD2d 949, 949, *lv denied* 98 NY2d 710; *see People v McCray*, 96 AD3d 1480, 1480; *People v Gray*, 15 AD3d 889, 890, *lv denied* 4 NY3d 831). Furthermore, "[d]efendant was identified by the victim, who was acquainted with defendant and knew him by name" (*People v Ortiz*, 50 AD3d 336, 336, *lv denied* 10 NY3d 962; *see People v Noakes*, 57 AD3d 280, 281, *lv denied* 12 NY3d 786).

Defendant also contends in appeal No. 1 that the court erred in admitting evidence of consciousness of guilt and in failing to give a proper jury instruction with respect to that evidence. Defendant failed to object on the grounds raised on appeal, and he thus failed to preserve those contentions for our review (*see People v Smith*, 90 AD3d 1565, 1567, *lv denied* 18 NY3d 998; *see generally People v McMillon*, 77 AD3d 1375, 1375-1376, *lv denied* 16 NY3d 897; *People v Smith*, 24 AD3d 1253, 1253, *lv denied* 6 NY3d 818). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Although we agree with the further contention of defendant in appeal No. 1 that the prosecutor improperly shifted the burden of proof to him based on a comment on summation, we conclude that the prosecutor's "single improper comment was not so egregious that defendant was thereby deprived of a fair trial" (*People v Willson*, 272 AD2d 959, 960, *lv denied* 95 NY2d 873). We note in particular that the court sustained defendant's objection to the improper comment and instructed the jury to disregard it, and the jury is presumed to have followed the court's instructions (*see generally People v Wallace*, 59 AD3d 1069, 1070, *lv denied* 12 NY3d 861). Moreover, "the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024; *see People v Matthews*, 27 AD3d 1115, 1116).

The sentences imposed in appeal Nos. 1 and 2 are not unduly harsh or severe. We have considered defendant's remaining contentions, including those raised in his pro se supplemental brief, and conclude that they are without merit.

Entered:  November 9, 2012                      Frances E. Cafarell
                                                Clerk of the Court