■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WITHFIELD, Appellant. [963 NYS2d 730]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 18, 2010, convicting him of criminal sexual act in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of five years, followed by a period of 20 years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision from a period of 20 years to a period of 10 years; as so modified, the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004];

*People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that he was deprived of the effective assistance of counsel is without merit, as he did not demonstrate that there was no strategic or legitimate explanation for defense counsel's allegedly deficient conduct or that defense counsel otherwise failed to provide meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Alston*, 77 AD3d 762 [2010]).

The defendant's contention that a certain remark made by the prosecutor during her summation deprived him of due process and a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Osorio*, 49 AD3d 562, 563-564 [2008]). In any event, the challenged remark was fair comment on the evidence, remained within the broad bounds of rhetorical comment permissible in summations, and was responsive to the summation of defense counsel (*see People v Flowers*, 102 AD3d 885 [2013]; *People v Dorgan*, 42 AD3d 505, 505 [2007]; *People v Barnes*, 33 AD3d 811, 812 [2006]).

However, the period of postrelease supervision imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.