Appeal by the *758 defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered August 16, 2010, convicting him of assault in the first degree, criminal possession of a controlled substance in the fourth degree, unlawful possession of marijuana, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contentions that the evidence was legally insufficient to establish his guilt of assault in the first degree and criminal possession of a weapon in the second degree, and that the verdict on those charges was against the weight of the evidence, are without merit. Viewing the evidence in the light most favorable to the People, we find that the evidence was legally sufficient to establish the defendant’s guilt of those crimes beyond a reasonable doubt (see People v Ramos, 19 NY3d 133 [2012]; People v Contes, 60 NY2d 620 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the charges of assault in the first degree and criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contentions regarding certain comments made by the prosecutor during his summation are unpreserved for appellate review, as he failed to object to the challenged comments (see People v Todd, 108 AD3d 684 [2013]; People v Williams, 107 AD3d 746 [2013]). In any event, those contentions are without merit. The challenged comments were within the broad bounds of rhetorical comment permissible in closing arguments, were responsive to defense counsel’s summation, or constituted fair comment on the evidence (see People v Brown, 106 AD3d 754 [2013]; People v Withfield, 106 AD3d 760 [2013]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Skelos, J.P, Austin, Sgroi and LaSalle, JJ., concur.