# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**996**

**KA 13-00070**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ROBERT THOMPSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 18, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a term of 15 years and as modified the judgment is affirmed in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the fourth degree (§ 265.01 [1]), in connection with the knife-point robbery of an 81-year-old woman. County Court conducted a joint *Mapp/Wade/Huntley* hearing, following which the court properly refused to suppress the knife recovered from defendant, the statement he made to the police that he had a knife in his pocket, and the show-up identification. The evidence at the suppression hearing established that the police had reasonable suspicion to stop defendant (*see People v Mitchell*, 118 AD3d 1417, 1417-1418, *lv denied* 24 NY3d 963; *see generally People v DeBour* 40 NY2d 210, 223). Within minutes before the reported robbery, a police witness had observed defendant, whom he knew, following closely behind an elderly woman at the location of the reported robbery. The description of the robbery suspect matched that of defendant, and he was apprehended shortly thereafter while running from the scene. Thus, contrary to defendant's contention, the police had a reasonable suspicion that he had committed a felony and, based upon the dispatched report, the officer was authorized to frisk defendant for officer safety and to seize the knife (*see People v Williams*, 67 AD3d 1050, 1052, *lv denied* 13 NY3d 942; *People v Wallace*, 41 AD3d 1223, 1224, *lv denied* 9 NY3d 883). Furthermore, defendant's statement that he had a knife was not in response to any question by

the police, and thus the court properly refused to suppress that spontaneous statement (*see People v Roseboro*, 124 AD3d 1374, 1375).

Contrary to defendant's further contention, the show-up identification procedure was reasonable inasmuch as it occurred approximately 15 minutes after the crime and approximately two blocks away from the crime scene during a continuous, on-going investigation (*see People v Williams*, 118 AD3d 1478, 1479, *lv denied* 24 NY3d 1090). Contrary to defendant's contention, the fact that he was handcuffed and standing next to a police officer during the show-up identification procedure does not render the procedure unduly suggestive as a matter of law (*see People v Delarosa*, 28 AD3d 1186, 1187, *lv denied* 7 NY3d 811). Following the identification by the victim, the police had probable cause to arrest defendant (*see People v Dumbleton*, 67 AD3d 1451, 1452, *lv denied* 14 NY3d 770).

Defendant concedes that he failed to preserve for our review his contention that the 911 call constituted improper bolstering of the victim's testimony and thus should not have been admitted in evidence. In any event, that contention is without merit. Where, as here, a 911 call fits within an exception to the hearsay rule, i.e., as an excited utterance, its admission is proper "notwithstanding the characterization as a prior consistent statement" (*People v Buie*, 86 NY2d 501, 511; *see People v Spicola*, 16 NY3d 441, 452, *cert denied* ___ US ___, 132 S Ct 400). We reject defendant's contention that the evidence was more prejudicial than probative. Although the victim cried during much of the call, the probative value of her accurate description of defendant and the account of the events outweighed any prejudicial effect arising from her emotional state (*see People v Morris*, 21 NY3d 588, 597; *People v Carrenard*, 56 AD3d 486, 487, *lv denied* 12 NY3d 781).

We reject defendant's contention that the court abused its discretion in permitting a police witness to testify that he knew defendant inasmuch as the testimony was relevant to the central issue in the case, i.e., identity, and any prejudicial effect did not outweigh the probative value (*see People v McCullough*, 117 AD3d 1415, 1416, *lv denied* 23 NY3d 1040; *see generally People v Primo*, 96 NY2d 351, 355-356). We further conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial on the ground that a police evidence technician's testimony referenced an item retrieved from defendant, in violation of a prior court order. The court properly assessed the impact of the testimony upon the jury, and there is no basis upon which to disturb the court's denial of the motion (*see People v Abston*, 229 AD2d 970, 971, *lv denied* 88 NY2d 1066), particularly where, as here, the court had issued a curative instruction with respect to that testimony (*see People v Roman*, 17 AD3d 1166, 1166-1167, *lv denied* 5 NY3d 768).

We also reject defendant's contention that the police witnesses improperly bolstered the testimony of the victim regarding the out-of-court identification of defendant. Neither officer testified that the victim identified defendant during the show-up identification procedure (*cf. People v Smalls*, 100 AD3d 1428, 1429, *lv denied* 21 NY3d

1010), and we conclude that their testimony did not implicitly bolster the victim's testimony, but instead completed the narrative of events leading to defendant's arrest (*see People v Mulligan*, 118 AD3d 1372, 1374, *lv denied* 25 NY3d 1075).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakely*, 69 NY2d 490, 495). The evidence established that a police officer who knew defendant observed him walking closely behind an elderly woman at approximately 8:00 a.m. and that, minutes later, the officer received a report of a robbery of an elderly woman at that location by a man fitting defendant's description. The victim testified in detail regarding the events, which coincided with the report she made to a 911 operator immediately thereafter. A knife fitting the description given by the victim was recovered from defendant, who was seen running from the scene by the police, and the victim identified defendant within 15 minutes of the crime. The jury was entitled to credit the testimony of the People's witnesses (*see People v Baker*, 30 AD3d 1102, 1102-1103, *lv denied* 7 NY3d 846), and we conclude that a different verdict would have been unreasonable (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention that the court, in sentencing him, punished him for exercising his right to a trial. " '[T]here is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to trial' " (*People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862). We agree with defendant, however, that the sentence is unduly harsh and severe insofar as the court imposed a term of imprisonment of 25 years. Defendant has no prior felony convictions, and none of the misdemeanor convictions was a violent offense. Furthermore, defendant has a history of mental illness. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a term of 15 years (*see* CPL 470.15 [6] [b]), to be followed by the five years of postrelease supervision imposed by the court.

Entered:  October 9, 2015                        Frances E. Cafarell
                                                 Clerk of the Court