People v Hernandez (2018 NY Slip Op 07450)





People v Hernandez


2018 NY Slip Op 07450


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2014-08122
 (Ind. No. 7261/11)

[*1]The People of the State of New York, respondent,
v
Juan Hernandez, appellant.


Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered August 6, 2014, convicting him of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erred in admitting certain photographs into evidence is unpreserved for appellate review and, in any event, without merit (see People v Khan, 88 AD3d 1014, 1015; People v Sampson, 67 AD3d 1031, 1032).
Contrary to the defendant's contention, he was not deprived of a fair trial by the admission of "prompt outcry" evidence without a limiting instruction, as the Supreme Court, during the final jury charge, instructed the jury regarding the proper use of such evidence (see People v Bernardez, 85 AD3d 936, 938).
During the testimony of the guardian of one of the complainants, the Supreme Court admitted into evidence the recording of a 911 call made by the guardian shortly after she observed the defendant in a bedroom with the complainant. Contrary to the defendant's contention, the recording of the 911 call was properly admitted into evidence (see People v Buie, 86 NY2d 501, 508-509; People v Thompson, 132 AD3d 1364, 1365).
The defendant's challenge to the admission of hearsay testimony of certain police officers regarding the nature of the complaint they received is unpreserved for appellate review and, in any event, without merit (see People v Singletary, 270 AD2d 903; People v Ayala, 247 AD2d 204).
The defendant's challenge to the admission of testimony regarding the emotional condition of one of the complainants and his guardian is unpreserved for appellate review and, in any event, without merit, as the testimony was both relevant (see People v Gebert, 118 AD2d 799, 801) and not unduly cumulative or duplicative (see People v Keane, 262 AD2d 658, 659).
During the testimony of one of the prosecution's expert witnesses, the expert was permitted to refer to various entries from the medical records of one of the complainants, which entries reflected certain factual information conveyed by the complainant to medical personnel. The defendant's trial counsel objected only once, when the witness appeared to be reading directly from the records. The objection was sustained on that ground, and trial counsel requested no further relief. Under the circumstances, the defendant's contentions with respect to the expert's testimony are unpreserved for appellate review. In any event, since the complainant himself had already testified as to the underlying facts, the information contained in the entries was merely cumulative and cannot be said to have deprived the defendant of a fair trial (cf. People v Sylar, 21 AD3d 1397).
The defendant's challenge to certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see People v Murphy, 133 AD3d 690, 690-691; People v Joubert, 125 AD3d 686). In any event, most of the remarks were either fair comment on the evidence, fair response to the defendant's summation, or permissible rhetorical comment (see People v Withfield, 106 AD3d 760, 761; People v Boyce, 54 AD3d 1052, 1053; People v Tucker, 27 AD3d 592; People v Russo, 201 AD2d 512, affd 85 NY2d 872). Although some of the prosecutor's remarks were improper, those remarks were not so flagrant or pervasive as to deny the defendant a fair trial (see People v Lopez, 150 AD3d 1266, 1267; People v Jackson, 150 AD3d 1025), and to the extent that any prejudicial effect may have resulted from any of the challenged remarks, it was ameliorated by the Supreme Court's instructions (see People v Murphy, 133 AD3d at 691; People v Joubert, 125 AD3d at 686).
Contrary to the defendant's contention, his trial counsel's failure to preserve certain claims for appellate review did not constitute ineffective assistance of counsel (see People v Foster, 153 AD3d 853, 855; People v Bedford, 95 AD3d 1226, 1227; People v Erskine, 90 AD3d 674, 675).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court